11-1026-ag
Gurung v. Holder

BIA
Nelson, IJ
A099 769 359

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
> ROGER J. MINER,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
>     *Circuit Judges.*

_____

BHAWAR JUNG GURUNG,
> *Petitioner,*

> v.                                          11-1026-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Sarah L. Vuong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Bhawar Jung Gurung, a native and citizen of Nepal, seeks review of a February 15, 2011, order of the BIA affirming the November 4, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bhawar Jung Gurung,* No. A099 769 359 (B.I.A. Feb. 15, 2011), *aff'g* No. A099 769 359 (Immigr Ct. N.Y. City Nov. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Gurung argues that he suffered past persecution at the hands of Maoists in Nepal who threatened to kill him when he refused their demands for money. However, as Gurung

2

testified, the Maoists did not physically harm him or financially harm his tourist businesses, which independently suffered due to a decline in tourism. The agency therefore reasonably found that the Maoists' unfulfilled threats did not constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that harm must be sufficiently severe, rising above mere harassment, to constitute persecution); *Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per curiam) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats'").

The agency also reasonably found that Gurung failed to establish that the Maoists targeted him based on his political opinion or any other protected ground. Gurung asserts that the Maoists targeted him because he opposed them politically, had close ties to the royal family, and supported the National Democratic Party. Yet he testified only that the Maoists began demanding money once they confirmed that he owned a business. He also testified that he did not meet the Maoists' demands because he did not want to give them any money and not because he disagreed with their political goals or beliefs. Thus, the agency

3

reasonably found that the Maoists targeted him as a business owner and not because of his political opinion. *See Chun Gao*, 424 F.3d at 129.

Gurung also asserts that he established a well-founded fear of persecution by the Maoists based on his political opposition. To the contrary, as discussed above, the agency reasonably found that the Maoists did not target Gurung based on his political opinion but based on his potential income as a business owner. Furthermore, the background materials that Gurung submitted indicate that the Maoists who, according to the 2008 State Department Human Rights Report, continued to foster violence in Nepal through the "arbitrary and unlawful use of lethal force" did not target any particular group of people.

The agency also reasonably found that Gurung failed to corroborate his claim sufficiently. Although the IJ declined to admit into evidence several of the exhibits Gurung submitted as untimely, she addressed them and did not err by affording little weight to the letters from his purported political party and the Nepalese Communist Party because they were not authenticated and to the letter from his wife because it was not based on personal knowledge.

4

*See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 332 (2d Cir. 2006). Moreover, as the IJ reasonably found, Gurung should have submitted a letter from his nephew who witnessed, in part, the Maoists' threats. *See Diallo v. INS,* 232 F.3d 279, 285 (2d Cir. 2000). Given the lack of evidence demonstrating the possibility that Gurung would be targeted by Maoists, the agency reasonably found that Gurung failed to establish a well-founded fear of persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (finding that general civil strife does not establish a well-founded fear of persecution).

Because Gurung was unable to show the objective likelihood of persecution needed to make out an asylum claim, he necessarily was unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). Furthermore, the agency did not err in denying CAT relief because Gurung's CAT claim was based on the same factual predicate as his asylum and withholding of removal claims. *See Paul*, 444 F.3d at 155-56.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk